**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VERONICA HASBUN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12 C 2543 |
| v. ) | |
| ) | |
| UNITED STATES and RESURRECTION ) | |
| HEALTH CARE CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Veronica Hasbun alleges that during an appointment she made for abdominal pain, the obstetrician and gynecologist who treated her at a facility operated by Defendant Resurrection Health Care Corporation ("Resurrection") engaged in unwelcome and offensive touching. She has sued Resurrection and the United States (because the doctor was employed by an entity that receives federal funds) for two counts of negligence for failing to protect her from the assault and battery allegedly perpetrated by the doctor. Before the Court are Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendants' motions without prejudice. Further, the Court grants Hasbun leave to file an Amended Complaint in accordance with this opinion.[1]

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under

---

[1] On December 13, 2012, the Executive Committee reassigned this lawsuit to the Court due to the Honorable Blanche M. Manning's retirement from the bench. (R. 23.)

Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 614 (7th Cir. 2011).

**FACTUAL BACKGROUND**

On January 22, 2009, Hasbun sought treatment for abdominal pains at Defendant Resurrection's Medical Center. (R. 1, Compl. ¶ 19.) Her appointment was with Dr. Yam Tong, a male doctor employed not by Resurrection, but by PCC Community Wellness Center ("PCC"), a private entity that receives grant money from the United States Public Health Service. (*Id*. ¶¶ 9, 20, 21, 25.) On the day of her appointment, Hasbun initially met with a female nurse in the examination room. (*Id*. ¶ 23.) The nurse checked Hasbun's blood pressure and asked routine questions. (*Id*.) Thereafter, the nurse left the room to bring back Dr. Tong, but Dr. Tong arrived alone. (*Id*. ¶¶ 25, 26.) Hasbun further alleges that Dr. Tong then physically forced her feet into the stirrups and pulled her thighs down towards the end of the table. (*Id*. ¶ 26.) Hasbun

2

maintains that Dr. Tong did this all forcefully instead of asking Hasbun to move. (*Id*.) In addition, Hasbun states that during the examination Dr. Tong told her that she was attractive and asked her if she had a lot of sexual partners (*Id*. ¶ 27.) Further, Hasbun maintains that Dr. Tong began playing with her labia and that "[h]e pulled and spread the skin and made comments such as, 'It smells good, very pretty, very nice and clean.'" (*Id*. ¶ 28.) At one point during the exam, Hasbun alleges that Dr. Tong inserted two fingers and applied pressure around the vaginal walls to check for pain, as is customary. (*Id*. ¶ 29.) After Dr. Tong did this, Hasbun asserts that he moved his fingers in and out of her vagina three times and wiggled his fingers inside of her. (*Id*.) At that point, Hasbun states that she asked Dr. Tong to stop, but he did not respond to her request. (*Id*. ¶ 30.) At the end of the physical examination, Hasbun contends that Dr. Tong did not leave to allow her to get dressed but, rather, positioned himself between her legs, rubbing her thighs, and stroking her hair while explaining the exam results. (*Id*. ¶ 31.)

Accordingly, Hasbun alleges that Dr. Tong's conduct was unwanted, offensive, and constituted an assault and battery. (*Id*. ¶¶ 32, 33.) She further asserts that Resurrection and PCC are responsible for failing to have a policy of monitoring male physicians during gynecological examinations to prevent such assaults and batteries from occurring. (*Id*. ¶¶ 37-42.)

**PROCEDURAL BACKGROUND**

Hasbun originally sued Resurrection, PCC, and Dr. Tong in state court. The United States removed the case to federal court under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 2671, *et seq.*, and the Federally Supported Health Centers Assistance Act, *see* 42 U.S.C. § 233. The United States then requested substitution as the proper Defendant in place of PCC and Dr. Tong and filed a certification under 28 U.S.C. § 2679 that Dr. Tong and PCC were

3

employees of the United States Public Health Service and that Dr. Tong was acting within the scope of his employment during the events at issue. (*See* R.1, Ex. B, 3/15/2010 Certification.) After briefing, the court agreed that the substitution was proper. The court also granted the government's motion to dismiss on the basis that Hasbun had not exhausted her administrative remedies as required under the FTCA. *See* 28 U.S.C. § 2675(a). Thereafter, Hasbun filed a claim with the Department of Health and Human Services under the FTCA within 60 days of the dismissal of her civil action. *See* 28 U.S.C. § 2679(d)(5). The agency did not take action within six months of Hasbun's filing, and thus Hasbun filed the present lawsuit on April 6, 2012.

Hasbun's Complaint sets out claims of negligence in two separate counts. In Count I, Hasbun alleges a claim of negligent supervision against the United States and Resurrection contending that they did not exercise reasonable care in supervising Dr. Tong by failing to have a policy in place to monitor the conduct of male physicians during gynecological examinations, such as a policy of having a female chaperone present. In Count II, Hasbun alleges a claim of negligence also based on the alleged failure by the United States and Resurrection to monitor male physicians during gynecological examinations. Count II includes the additional allegation that the American Medical Association ("AMA") advises medical facilities to have chaperones available upon request.

The United States and Resurrection have each filed motions to dismiss pursuant to Rule 12(b)(6). The United States argues that the Court should dismiss Hasbun's Complaint in its entirety because Hasbun fails to allege the essential elements of her negligent supervision and negligence claims. Resurrection similarly argues in its motion that (1) the Court should dismiss the Complaint in its entirety because it fails to allege the essential elements of negligent

4

supervision and negligence or, alternatively, (2) the Court should strike Hasbun's requests for attorneys' fees and punitive damages because they are not allowed under Illinois tort law.

ANALYSIS

I. **United States' Motion to Dismiss**[2]

   A. **Negligent Supervision – Count I**

In Count I, Hasbun alleges that Defendants failed to adequately supervise Dr. Tong and, as a result, failed to prevent the alleged assault and battery. To succeed on a claim of negligent supervision under Illinois law, a plaintiff must establish each of the following elements: (1) the defendant had a duty to supervise its employee; (2) the employer negligently supervised the employee; and (3) the employer's negligence proximately caused the plaintiff's injuries. *See Freedom Mortgage Corp. v. Burnham Mortgage, Inc.,* 720 F.Supp. 2d 978, 1001 (N.D. Ill. 2010); *Lansing v. Southwest Airlines Co.,* ___ N.E.2d ___, 2012 WL 2234354, at *4 (1st Dist. 2012).

Some Illinois courts have distinguished negligent hiring or retention claims from negligent supervision claims, holding that negligent hiring or retention claims further require that a plaintiff must prove that the employer knew or should have known about the employee's unfitness and that the unfitness created a foreseeable danger to others. *See, e.g., Van Horne v. Muller,* 294 Ill.App.3d 649, 229 Ill.Dec. 138, 691 N.E.2d 74, 79 (1st Dist.), *rev'd in part on other grounds,* 185 Ill.2d 299, 235 Ill.Dec. 715, 705 N.E.2d 898 (1998). The majority of Illinois

---

[2] The government also sought to dismiss Hasbun's claims on the basis of immunity arguing that the FTCA's limited waiver of sovereign immunity does not apply to claims arising out of an assault or battery. *See* 28 U.S.C. § 2680(h). On January 9, 2013, the government withdrew that argument in light of *Glade v. United States,* 692 F.3d 718, 724 (7th Cir. 2012), and the Court granted the United States' motion to withdraw on January 10, 2013. (R. 27, 29.)

courts, however, have held that to "succeed in an action for negligent supervision, the plaintiff must plead and prove that the employer knew or should have known that its employee had a particular unfitness for his position so as to create a danger of harm to third persons and that the employer's failure to safeguard the plaintiff against this particular unfitness proximately caused the plaintiff's injury." *Platson v. NSM, Am., Inc.,* 322 Ill.App.3d 138, 144, 255 Ill.Dec. 208, 748 N.E.2d 1278, 1284 (2d Dist. 2001); *see also Helfers-Beitz v. Degelman,* 406 Ill.App.3d 264, 270, 345 Ill.Dec. 907, 939 N.E.2d 1087 (3d Dist. 2010); *Doe v. Brouillette,* 389 Ill.App.3d 595, 606, 329 Ill.Dec. 260, 906 N.E.2d 105, 116 (1st Dist. 2009); *De David v. Alaron Trading Corp.,* 796 F.Supp.2d 915, 923 (N.D. Ill. 2010).

In its motion, the United States argues that Hasbun has failed to allege facts that plausibly suggest PCC (in whose stead the United States stands) knew or should have known of any particular danger that Dr. Tong presented to patients. Although it appears that there is some disagreement among the Illinois appellate courts as to whether this element is necessary in sufficiently alleging a negligent supervision claim, based on vast majority of legal authority requiring this element, Hasbun has failed to sufficiently alleged the requisite knowledge – that PCC knew or should have known – about Dr. Tong's unfitness. Accordingly, the Court grants the United States' motion to dismiss Hasbun's negligent supervision claim as alleged in Count I of the Complaint without prejudice. The Court grants Hasbun leave to amend her negligent supervision claim accordingly.

  **B. Negligence – Count II**

In Count II, Hasbun alleges that Defendants were negligent by failing to have a chaperone present during Dr. Tong's examination. Under Illinois law, a successful negligence

claim requires a plaintiff to establish "that the defendant owed a duty to the plaintiff, that defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injuries." *Blood v. VH-1 Music First,* 668 F.3d 543, 546 (7th Cir. 2012) (quoting *First Springfield Bank & Trust v. Galman,* 188 Ill.2d 252, 242 Ill.Dec. 113, 720 N.E.2d 1068, 1071 (1999)).

The United States first contends that the Court must dismiss the portion of Hasbun's negligence claim that is based on a duty to always have chaperones present for examinations – as opposed to upon request – because the AMA advises only that medical facilities make chaperones available upon request. As such, the United States argues that Hasbun has not "sufficiently pled a basis" of a duty to affirmatively provide chaperones. In support of its argument, the United States cites *Jones v. City of Chicago*, 787 F.2d 200 (7th Cir. 1986), in which it contends that "the Seventh Circuit upheld the dismissal of a section 1983 action against a city-employed gynecologist accused of conducting sexually abusive exams" because "the plaintiff[s'] submissions 'provide[d] no support for a requirement (as part of medical standards or other guidelines) of a chaperone's presence in the examination room or of an inquiry as to the patient's desires in the matter.'" (R. 18, Def.'s Brief, at 6 (quoting *Jones*, 787 F.2d at 206).

The United States has mischaracterized the procedural stance of *Jones*. In that case, the Seventh Circuit affirmed the granting of summary judgment based on a failure of evidence, not dismissal based on a failure of allegations. *See Jones*, 787 F.2d at 206. Nevertheless, under the federal notice pleading standards, a plaintiff must allege facts sufficient to plausibly state a claim. *See Twombly,* 550 U.S. at 570. Here, Hasbun's claim of negligence is based in part on her contention that Defendants were under a duty to have chaperones present during

7

gynecological examinations, but the only fact she alleges in support of that contention is that the AMA advises medical providers to have chaperones available and to provide them upon request. Even assuming the truth of that allegation, it suggests only a duty to provide chaperones upon request, not a duty to always have chaperones present during examinations. Accordingly, Hasbun's allegations fall short of the requirements of the federal notice pleading standards. The Court therefore grants the United States' motion to dismiss the portion of Count II premised on a duty to always have chaperones present.

Second, the United States argues that the Court should dismiss the portion of Count II based on a duty to provide chaperones upon request because Hasbun never alleged that she requested a chaperone. In her response brief, Hasbun acknowledges that her Complaint contains no allegation that she requested a chaperone and, instead, she relies on testimony from a deposition taken during "an earlier state court proceeding." (R. 21, Pl.'s Response, at 10.) "In deciding a motion to dismiss for failure to state a claim [courts] may consider documents attached to or referenced in the pleading if they are central to the claim." *Citadel Group Ltd. v. Washington Reg'l Med. Ctr.,* 692 F.3d 580, 591-92 (7th Cir. 2012). Here, Hasbun has not incorporated her deposition testimony into her Complaint and without an allegation that she requested a chaperone, the Complaint does not sufficiently apprise Defendants of any breach of a duty to provide a chaperone upon request. *See Twombly,* 550 U.S. at 555. The Court therefore grants this aspect of the government's motion to dismiss. The Court grants Hasbun's request for leave to amend to add allegations consistent with her testimony that she requested a chaperone.

## II. Resurrections' Motion to Dismiss

### A. Negligent Supervision – Count I

In its motion to dismiss, Resurrection contends that the allegations of Count I fail to sufficiently state a claim of negligent supervision because Hasbun did not allege facts plausibly suggesting that Resurrection knew or should have known about a particular danger that Dr. Tong presented to third parties. *See Twombly,* 550 U.S. at 570. For the same reasons that the Court granted the United States' motion to dismiss on this basis, the Court grants Resurrection's motion to dismiss Count I without prejudice. The Court also grants Hasbun leave to amend her allegations accordingly.

### B. Negligence – Count II

Next, Resurrection contends that the Court should dismiss Hasbun's negligence claim against it because she cannot establish proximate cause based on Dr. Tong's alleged intervening criminal conduct. *See People v. Burpo,* 164 Ill.2d 261, 264-65, 207 Ill.Dec. 503, 647 N.E.2d 996, 998 (1995) ("When a gynecologist intentionally exceeds the scope of reasonable medical standards, the patient's consent is vitiated, and the physician may be prosecuted under the sexual assault statute."). Under Illinois law, "where between the defendant's negligence and the plaintiff's injury an independent, illegal act of a third person has intervened which causes the plaintiff's injury, and without which it would not have occurred, the criminal act is a superseding cause of injury relieving the originally negligent party of liability." *Lutz v Goodlife Entm't*, 208 Ill.App.3d 565, 153 Ill.Dec. 519, 567 N.E.2d 477, 480 (1st Dist. 1990); *see also In re Michaels Stores Pin Pad Litig.,* 830 F.Supp. 2d 518, 528 (N.D. Ill. 2011) ("Generally, a defendant will not be held liable for negligence if an intervening criminal act causes the plaintiff's injury."). The

9

originally negligent party is not relieved of liability, however, if the criminal act was reasonably foreseeable at the time of the original negligence. *See Lutz,* 567 N.E.2d at 480; *In re Michaels,* 830 F.Supp. 2d at 528.

Resurrection argues that Hasbun has failed to allege any factual content that could lead the Court to reasonably infer that it should have foreseen that a licensed gynecologist would commit a criminal assault on a patient. Whether Hasbun's injuries were caused by an intervening criminal act, however, is an affirmative defense that Hasbun need not plead around in order to withstand a motion to dismiss. *See Richards v. Mitcheff,* 696 F.3d 635, 638 (7th Cir. 2012); *Dillon v. Evanston Hosp.,* 199 Ill.2d 483, 490, 264 Ill.Dec. 653, 771 N.E.2d 357, 362 (Ill. 2002). Therefore, Resurrection's argument is misplaced.

Furthermore, Resurrection argues that Hasbun has also failed to allege proximate causation, especially because she did not allege in her Complaint that she asked Dr. Tong for a chaperone, and that he refused. Indeed, Hasbun did not allege that she requested a chaperone, but the Court has granted Hasbun leave to amend her claim accordingly. In any event, according to Resurrection, even if it had a policy to honor requests for chaperones, Dr. Tong would not have abided by it because he was "determined to move forward with his alleged criminal sexual assault outside the presence of a chaperone." (R. 22, Reply, at 7.) It is plausible, however, that Dr. Tong refused Hasbun's request because he knew no policy required him to provide a chaperone. Therefore, the Court grants Resurrection's motion to dismiss in this respect, but grants Hasbun leave to amend her allegations regarding her request for a chaperone.

### C. Prayers for Relief

Resurrection also argues that the Court should strike Hasbun's requests for attorneys' fees, expert fees, and expenses because such fees are not allowed under 28 U.S.C. § 1920, which permits a prevailing party to recover costs such as clerk fees, transcript fees, docket fees, and the costs for making copies and for court-appointed experts. Hasbun appears to argue that she will seek only those costs permitted under Section 1920 if she is the prevailing party to this lawsuit. The Court will thus address costs at that time. Meanwhile, Section 1920 does not include attorneys' fees and Hasbun has not identified another basis for awarding attorneys' fees. Therefore, the Court strikes Hasbun's request for attorney's fees.

Further, Resurrection argues that the Court should strike Hasbun's request for punitive damages because, under Illinois law, punitive damages are normally not available for claims of negligence. Illinois courts, however, have held that where a defendant's conduct has been shown to be malicious or wilful and wanton, an award of punitive damages may be warranted. *See Slovinski v. Elliot*, 237 Ill.2d 51, 340 Ill.Dec. 210, 927 N.E.2d 1221, 1225 (2010). Indeed, Hasbun alleges that Resurrection's conduct was wilful and wanton. Accordingly, the Court denies Resurrection's motion to strike Hasbun's request for punitive damages without prejudice.

### CONCLUSION

For the reasons given, the Court grants Defendants' Rule 12(b)(6) motions to dismiss without prejudice. The Court grants Hasbun leave to file an Amended Complaint according to this opinion.

**Dated:** January 17, 2013              **ENTERED**

                                                     **AMY J. ST. EVE**
                                                     **United States District Judge**